## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NATHANIEL BRABHAM, | : | |
| Plaintiff | : | |
| | : | CIVIL NO. 3:15-CV-0266 |
| v. | : | |
| | : | (JUDGE NEALON) |
| DISTRICT MAGISTRATE | : | |
| RICHARD L. DAVIS, ET AL., | : | (MAGISTRATE JUDGE SCHWAB) |
| Defendant | : | |

### MEMORANDUM

On February 6, 2015, Plaintiff, Nathaniel Brabham, an inmate currently

confined at the State Correctional Institution in Pittsburgh, Pennsylvania ("SCI-

Pittsburgh"), filed his original complaint pursuant to the 42 U.S.C. § 1983,

alleging that the following four (4) Defendants violated his constitutional rights

during his criminal trial and subsequent conviction, which stemmed from charges

that he was a co-conspirator in an illegal drug transaction: (1) District Magistrate

Richard L. Davis; (2) Honorable Gregory M. Snyder; (3) Assistant District

Attorney Seth F. Bortner; and (4) Assistant Public Defender Clasina B. Houtman

Mohoney.  (Doc. 1).  On February 23, 2015, Plaintiff filed an amended complaint

against these same Defendants, and added three (3) more Defendants, including

York City Police Officers Benjamin Smith, Larry Lawrence, and Tiffany Vogel,

alleging that these Defendants violated his constitutional rights by coercing a

written confession which was subsequently used against him during the trial that led to his conviction.  (Doc. 8).

On June 11, 2015, Magistrate Judge Schwab, upon screening the amended complaint pursuant to 28 U.S.C. § 1915A, issued an Order dismissing the following Defendants with prejudice: (1) Defendants Davis and Snyder based on judicial immunity; (2) Defendant Bortner based on prosecutorial immunity; and (3) Defendant Mohoney based on the principle that a public defender is not a state actor when performing "their traditional function as counsel to an indigent defendant in a state criminal proceeding."  (Doc. 14, pp. 7-10).  This Order also dismissed Defendants Smith, Lawrence, and Vogel without prejudice with leave to file a second amended complaint because Plaintiff failed to state a claim upon which relief may be granted as he did not allege which constitutional rights these Defendants violated.  (Id. at 11-15).

On June 22, 2015, Plaintiff filed a second amended complaint against Defendants Smith, Lawrence, and Vogel, and added a fourth Defendant, Officer Kyle Pitts.  (Doc. 15).  Plaintiff then also filed supplements to the second amended complaint on June 24, 2015, and July 8, 2015.  (Docs. 16, 17).  On July 16, 2015, Magistrate Judge Susan E. Schwab issued a Report and Recommendation ("R&R") recommending dismissal with prejudice of Plaintiff's second amended

complaint. (Doc. 18). On July 29, 2015, Plaintiff filed objections. (Doc. 19). For the reasons set forth below, the objections will be overruled, the R&R will be adopted, and Plaintiff's second amended complaint will be dismissed with prejudice.

**Standard of Review**

When objections to a report and recommendation have been filed under 28 U.S.C. § 636(b)(1)(C), the district court must make a <u>de novo</u> review of those portions of the report to which specific objections are made. <u>See</u> <u>Henderson v. Keisling</u>, 386 Fed. Appx. 164, 166 (3d Cir. 2010) (explaining that "only those 'specific objections' made by [the plaintiff] must be separately considered by the District Court"), <u>citing</u> <u>Goney v. Clark</u>, 749 F.2d 5, 67 (3d Cir. 1984) ("providing a complete <u>de novo</u> determination where only a general objection to the report is offered would undermine the efficiency the magistrate system was meant to contribute to the judicial process"). The written objections must "specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections." M.D. Pa. Local Rule 72.3. In the absence of specific objections, review may properly be limited to ascertaining whether there is clear error that not only affects the rights of the plaintiff, but also seriously affects the integrity, fairness, or public reputation of

judicial proceedings.  See Sanders v. Downs, 2013 U.S. Dist. LEXIS 89743, *8-9

(M.D. Pa. 2013) (Caputo, J.) (explaining that the court reviews those portions of

the R&R to which specific objections are made de novo, while the "remainder of

the R&R is reviewed for clear error"); Cruz v. Chater, 990 F. Supp. 375, 377

(M.D. Pa. 1998) (Vanaskie, J.).  The district court may accept, reject, or modify, in

whole or in part, the findings and recommendations contained in the report.  28

U.S.C. § 636(b)(1)(C); M.D. Pa. Local Rule 72.3.

## **Discussion**

Initially, Magistrate Judge Schwab outlines the procedural history of the

case.  (Doc. 18, pp. 1-3).  Magistrate Judge Schwab then discusses Plaintiff's

allegation from the second amended complaint that: (1) Defendants Smith,

Lawrence, Vogel, and Pitts coerced him into providing a written statement that he

was the person who placed a telephone call to a co-conspirator to set up a

transaction to buy illegal drugs in front of a York City Police confidential

informant; and (2) this allegedly illegally obtained statement was then used against

him during a trial that led to his conviction.  (Doc. 18, pp. 3-4).  As stated in the

R&R:

> [Plaintiff] acknowledges that he gave a written statement to the
> police admitting that he was the one who made the phone call
> to the co-conspirator, but he contends that he was suffering

4

from low blood sugar at the time he gave the statement and was
afraid of going to jail on his birthday.

(Id. at 4) (citing Doc. 15, p. 30).  Instead, Plaintiff argues that he believed that he

was telling the police that the informant was the one who placed the telephone

call, "despite the fact that he wrote multiple times that "I" (referring to himself)

made the call." (Doc. 18, p. 4).

Regarding Defendant Pitts, the Magistrate Judge concluded that because

Plaintiff was questioning "the adequacy of Pitt's witness account," he is

challenging the validity of his conviction, and this claim should be dismissed

because it is should be raised in a habeas corpus petition rather than a section 1983

civil rights action.  (Id. at 9).  Furthermore, Magistrate Judge Carlson explained

that Defendant Pitts is immune from damages because "civil defendants are

immune from damages under § 1983 based upon their testimony in court.  See

Briscoe v. LaHue, 460 U.S. 325, 345 (1983)." (Id. at 10).

With regards to Plaintiff's assertion that Defendants Smith, Lawrence, and

Vogel violated his section 1983 rights by coercing a confession, Magistrate Judge

Carlson concluded the following:

> In his amended complaint, [Plaintiff] alleged police coercion in
> that the police obtained an incriminating statement from him
> when he was detained, ill, and suffering from low blood sugar.
> [Plaintiff] failed, however, to allege how the statement taken

> was incriminating and also failed to allege that the statement
> was used against him at trial. Moreover, aside from his
> allegation that he was suffering from low blood sugar at the
> time his self-incriminating statement was made, [Plaintiff]
> failed to demonstrate any officers engaged in any coercive
> activity themselves.

(Doc. 18, pp. 10-11). Additionally, the Magistrate Judge again discusses that to

the extent that Plaintiff provided transcripts from his trial in order to prove that the

confession was coerced and thus his conviction was invalid, this assertion is not

properly raised in a section 1983 case, but must instead be raised in a habeas

corpus petition. (Id. at 13). Furthermore, as discussed in relation to Defendant

Pitts, to the extent that Plaintiff was attempting to hold these Defendants liable for

their testimony during the criminal proceedings, they are immune from damages.

(Id.).

Ultimately, Magistrate Judge Carlson recommends dismissal because

Plaintiff "has failed to correct the deficiencies present in his amended complaint,

and he still fails to establish that any York City Police Officers violated his

constitutional rights." (Id. at 8). The Magistrate Judge recommends that this

dismissal be with prejudice because leave to amend would be futile as Plaintiff

had already been granted leave to file a second amended complaint. (Id. at 14).

Plaintiff filed objections to the R&R on July 29, 2015. (Doc. 19).

However, Plaintiff has not provided specific objections to the R&R, but rather

gives some procedural history of the case, and then states the following:

> Concerning your recommendation. I strongly disagree with due
> to how the filing process. I don't know how my complaint
> turned into two separate cases. Because it was filed as one. One
> $450 one case complaint as the filing of this complaint. It is
> ask to put in the Plaintiff version. No court case law. And
> your office did the procedural history and relevant facts. This
> did nothing to explain the nature of this complaint. The case
> law has nothing common with my situation. There in my
> version you see only a person crying. Which is not the deal. I
> am trying to be heard not only in my behalf but for the future of
> York PA. There is this problem with the York City Police and
> up the latter. I have no money to send over 300 pages that head
> my case and complaint. From motion my lawyer did not file.
> To the judges seeing the truth but falling into civil conspiracy
> through the chain that links are justice system. Mag' Judge
> Schwab ask for the second amend complaint in which I sent all
> the important paperwork. The statement at the top I wrote and
> it says when she made the call. Preliminary transcript where
> Officer Smith testified off his report I made the call and a deal
> was made but police did not have this statement there. Why?
> It would made sence. Police Officer Vogel testify that I or co-
> Defendant did not implicate me oral or written. I played no
> part. But did witness. I got sick from low blood sugar but it's
> in there. Officer Lawrence did not like what I said so he made
> Q + A questions on the same paper. On my own free will don't
> say anything about me make in any call for her. I told them
> while sick about another person I did not mess with no more. It
> has nothing to do with this case and my past does not make me
> guilty of this incident. But it do show curruption, civil
> conspiracy and malice prosecution. Framing me into this is
> giving them leadway to worse. We know that nobody gets
> caught their first time. I can't sit back and watch. I am a voice
> of the future. And I aim to prove my case.

(Doc. 19, p. 4).  In reviewing these objections, it is determined that they are not specific as they do not "specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections." M.D. Pa. Local Rule 72.3.  Because the objections are not specific, this Court need only review the R&R for clear error.  See Sanders v. Downs, 2013 U.S. Dist. LEXIS 89743, *8-9 (M.D. Pa. 2013) (Caputo, J.) (explaining that the court reviews those portions of the R&R to which specific objections are made de novo, while the "remainder of the R&R is reviewed for clear error")

After review of the R&R, and in the consideration of Plaintiff's non-specific objections, for the reasons discussed herein, because we find no clear error with the R&R, Plaintiff's objections will be overruled, and the R&R will be adopted. The case will be dismissed with prejudice as leave to amend would be futile because Plaintiff has already had the opportunity to file a second amended complaint.

A separate Order will be issued.

Date: August 13, 2015

/s/ **William J. Nealon**
**United States District Judge**